# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**KENNETH RICHARD DUNAVIN**                                                **PLAINTIFF**

**V.**                             **NO. 3:22-cv-189-DPM-ERE**

**DOES**                                                                  **DEFENDANTS**

## ORDER

## I.   Screening:

Plaintiff Kenneth Richard Dunavin, an inmate at the Poinsett County Detention Center ("Detention Center"), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Because Mr. Dunavin's original complaint lacked critical information, the Court provided Mr. Dunavin an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 4*. Mr. Dunavin has now filed an amended complaint. *Doc. 5*.

In his amended complaint, Mr. Dunavin complains that medical staff failed to provide him medical treatment for a bleeding colon and a brown recluse spider bite. While it is a close question, the Court concludes that Mr. Dunavin has arguably stated a medical deliberate indifference claim against Defendant Susan Duffel. Accordingly, service is now proper for Ms. Duffel.[1]

---

[1] The Court reminds Mr. Dunavin that all defendants must be served with the complaint and a summons within 90 days of July 22, 2022, the date that he filed his complaint. Any defendant who is not served within 90 days can be dismissed, without prejudice, from the lawsuit. The Court

## II. Motion for the Appointment of Counsel:

Also pending before the Court is Mr. Dunavin's motion for the appointment of counsel. *Doc. 6*. A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. After considering all of the relevant factors, in particular, the factual and legal complexity of this case, the Court declines to appoint counsel at this time.

---

will order service of process on the defendants once Mr. Dunavin has identified them, but he is responsible for sufficient identifying information and valid service addresses for each Defendant.

2

IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court shall prepare a summons for Defendant Susan Duffel.

2. The United States Marshal shall serve Ms. Duffel with a summons and a copy of the complaint and the amended complaint (*Docs. 1, 5*) by certified mail, restricted delivery, without requiring prepayment of fees and costs or security. Service for Ms. Duffel should be attempted through the Poinsett County Detention Center, 1500 Justice Drive, Harrisburg, Arkansas 72432.

3. Mr. Dunavin's motion for appointment of counsel (*Doc. 6*) is DENIED, without prejudice.[2]

Dated this 16th day of August, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If this case is scheduled for trial, the Court will consider, on its own, whether counsel should be appointed to assist Mr. Dunavin at trial.